Callaway *et al. v.* Phillips & Crew.    95 804
119 895

Where an affidavit to obtain a distress warrant sufficiently states the facts upon which such a warrant may lawfully issue, it is not necessary for the warrant itself to " set out the reasons why rent was due, as set forth in the affidavit." The failure of the warrant so to do does not render it invalid, if in other respects it contains all that is legally requisite.

May 13, 1895. Brought forward from the last term. Code, §4271(a-c).    .

Levy and claim. Before Judge Bartlett. Lee superior court. March term, 1894.

Wooten & Wooten and Long & Son, for plaintiffs.

Fort & Watson, *contra.*

Lumpkin, Justice.

Section 4082 of the code declares, in substance, that any person having rent due him may, on his own oath in writing or that of his agent or attorney, obtain a distress warrant for the sum claimed; and section 2285 provides that a landlord may distrain for rent before it is due, if the tenant is seeking to remove his goods from the premises. If, therefore, when a tenant is thus seeking to remove his goods, the landlord desires to obtain a distress warrant, he can do so by making before the proper officer an affidavit sufficiently stating the facts as required by the two sections of the code above cited. Upon this being done, it becomes the duty of the officer to issue the warrant for the amount claimed. There is no provision of law, of which we have any knowledge, making it necessary for the warrant itself to "set out the reasons why rent was due, as set forth in the affidavit."

. The affidavit upon which the distress warrant in the present case was issued showed upon its face that the rent claimed was not yet due, and sought to comply with section 2285 by alleging that the tenant was "disposing of and making way with his property." The warrant

v 95-51

was levied, and a claim filed. At the trial, the claim-
ants objected to the affidavit on the ground that it did
not follow the statute, because it failed to allege that the
tenant was "seeking to remove his goods from the prem-
ises." This defect, over the claimants' objection, was
cured by an amendment, to the allowance of which no
exception was taken. The claimants then moved to
dismiss the warrant on the ground that it did not follow
the affidavit; and upon an intimation from the court
that if the warrant was amended the levy would fall,
the plaintiff announced he would stand upon the war-
rant as it was. The court then dismissed the warrant
because of its failure to "set out the reasons why rent
was due, as set forth in the affidavit." There was no
other objection to the warrant; and the court erred in
dismissing it, the objection taken being without merit.

*Judgment reversed.*